UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ADAMS,

        Petitioner,

                              Case Number: 4:14-CV-11646

v.                                      Honorable Linda V. Parker

LORI GIDLEY,

        Defendant.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Dwayne Adams ("Petitioner") is a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. He challenges his convictions for two counts of assault with intent to murder, one count of felon in possession of a firearm, and three counts of possession of a firearm during the commission of a felony. The claims Petitioner raises do not entitle him to habeas relief. Therefore, the Court is dismissing the petition.

### I. Background and Procedural History

Petitioner's convictions arise from a shooting that occurred on May 2, 2010 in Oakland County, Michigan. Katina McDonald testified that Petitioner is the father of her 11-year old son and that she had dated him for eleven years. The

relationship ended in December 2010. McDonald testified that, on May 2, 2010, she and her new boyfriend Mitchell Still were sitting in Still's vehicle in a hotel parking lot when Petitioner drove his vehicle, a Pontiac Bonneville, in front of Still's vehicle, blocking their exit. McDonald saw a gun in Petitioner's vehicle and then heard a gunshot. Mitchell was able to maneuver around Petitioner's vehicle, striking Petitioner's vehicle in the process. As they left the hotel parking lot, Petitioner's vehicle followed theirs. McDonald heard at least two gunshots. Mitchell's car stalled in a subdivision nearby. McDonald exited the vehicle and police soon arrive. McDonald observed three bullet holes in the vehicle's front hood, passenger door, and front grill. She also noticed a bullet hole in her jacket, but she was not injured.

Mitchell's testimony corroborated McDonald's. He identified Petitioner as the person driving the vehicle from which gunshots were fired.

Police later recovered a Bonneville from a nearby hotel parking lot. The vehicle had some front end damage and a handgun was retrieved from under a nearby tree. Felicia Adams testified that she is Petitioner's sister and that she let him borrow her Bonneville the day before the shooting. The vehicle was undamaged when she lent it to her brother. Petitioner did not testify in his own defense.

A jury in Oakland County Circuit Court convicted Petitioner of two counts of assault with intent to murder, one count of felon in possession of a firearm, and three counts of possession of a firearm during the commission of a felony. On March 5, 2012, he was sentenced to 28 to 50 years' imprisonment for each assault with intent to murder conviction and 3 to 7-1/2 years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for each of the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) insufficient evidence to support convictions for assault with intent to murder; (ii) trial court erred in admitting victim's written and oral statements to police; and (iii) offense variable 6 was incorrectly scored. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Adams*, No. 309679, 2013 WL 2278060 (Mich. May 23, 2013). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Adams*, 495 Mich. 882 (Mich. Oct. 28, 2013).

Petitioner then filed the pending habeas petition. He raises these claims:

I. The convictions for assault with intent to murder violated Petitioner's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution where the state failed to prove these crimes beyond a reasonable doubt.

II. Petitioner was deprived of his Fifth Amendment right to due process

3

       and a fair trial where a complainant's prior consistent statement was entered and introduced at trial.

III.    Petitioner was deprived of his Fifth Amendment right to due process when the trial court scored 50 points for offense variable (OV 6) without evidence of Petitioner having premeditated intent to kill during the incident.

## II. Standard

### A. Rule 4

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Petitioner fails to demonstrate the violation of his federal constitutional rights, therefore, the petition will be dismissed.

### B. 28 U.S.C. § 2254

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III. Discussion

### A. Sufficiency of the Evidence Claim

Petitioner seeks habeas relief on the ground that his convictions for assault with intent to commit murder were not supported with sufficient evidence to show that he had the requisite intent to kill.

"[T]he Due Process Clause protects the accused against conviction except

upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency

determination as long as it is not unreasonable." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, — U.S. —, 132 S. Ct. 2060, 2065 (2012).

Under Michigan law, the elements of assault with intent to commit murder are (1) an assault, coupled with (2) specific intent to kill, (3) which, if successful, would make the killing murder. *People v. Taylor*, 422 Mich. 554 (Mich. 1985); *see Warren v. Smith*, 161 F.3d 358, 361 (6th Cir.1998). The intent to kill may be proven by inference from circumstantial evidence. *Id.*

The Michigan Court of Appeals, in a thoughtful, well-reasoned opinion, rejected Petitioner's sufficiency of the evidence claim, holding:

> Defendant's conduct before, during, and after the shooting supports a finding that he had the requisite intent to kill Katina McDonald, his former girlfriend and the mother of his child, and her new boyfriend, Mitchell Still. The evidence demonstrated that defendant and McDonald's relationship ended in December 2009 against defendant's wishes; that McDonald believed that defendant shot at her in January 2010 because he was upset with her; and that immediately before the shooting at the Red Roof Inn, a hotel guest saw defendant circling the parking lot where McDonald had left her car overnight. A rational trier of fact could reasonably infer from such evidence that defendant was stalking McDonald and that after finding her car in the parking lot of the Red Roof Inn, he waited with his gun ready for McDonald and Stills to return so that he could kill them.
>
> During the assault, defendant blocked Still's vehicle with his car and

fired three shots with a .45 caliber semi-automatic handgun at Still's vehicle while Still and McDonald were inside. One of the bullets went through the passenger door and struck the front passenger seat where McDonald had been sitting before she crouched down on the floor of the car for her protection. After the shooting, McDonald noticed a hole in her jacket that she believed had been caused by the bullet. When the police recovered the gun, they observed that there were three more "live" bullets in the gun, but that the gun had jammed, preventing defendant from firing additional shots. It can reasonably be inferred that if the gun had not jammed, defendant would have fired additional shots. It may also be inferred that if McDonald had not crouched down on the floor of the car, she could have been struck and killed by the bullet that had hit the passenger seat where she had been sitting.

After the shooting, defendant abandoned his car and hid his gun near a tree in the vicinity of his car. He then fled and was not apprehended for more than one year, during which time the police actively searched for him. "[E]vidence of flight is admissible to support an inference of consciousness of guilt and the term flight includes such actions as fleeing the scene of the crime." *People v. Unger*, 278 Mich.App 210, 226; 749 NW2d 272 (2008) (quotation marks and citation omitted). Defendant's flight and abandonment of his car and gun support a reasonable inference that he had the requisite intent to kill McDonald and Still. Thus, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could conclude that defendant intended to kill the victims. Accordingly, the prosecution presented sufficient evidence to establish the elements of assault with intent to murder.

*Bell-Cook*, 2012 WL 4839927 at *1-2.

On habeas review, the relevant question is whether the state court's decision finding that sufficient evidence was presented to show intent fell below the "threshold of bare rationality." *Coleman*, — U.S. at —, 132 S. Ct. at 2065.

9

Petitioner fired three gunshots at Still's vehicle while blocking the vehicle's escape. If she had not crouched on the vehicle's floor, McDonald may have been struck by the bullet that penetrated the seat she had occupied. It was reasonable for a factfinder to find that these facts established an intent to kill. Therefore, Petitioner's first ground for relief does not entitle him to habeas relief.

### B. Admission of Victim's Statement

Next, Petitioner claims that the trial court erred in admitting McDonald's written and oral statements to police detective Cummings, in which she stated she was "kind of weary" or Petitioner's "previous stalking type behavior," and that "[t]his is the second time he has done this to me. He is currently in the court system." *Adams*, 2013 WL 2278060 at *3. Petitioner argues that admission of this evidence unfairly prejudiced him because it allowed the jury to hear that he was stalking McDonald and that she had a pending case against him.

"Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994). The Michigan Court of Appeals found no error in the admission of this evidence, finding the statements properly admitted under Michigan Compiled Laws Section 768.27c. *See Adams*, 2013 WL

2278060 at *3-4. In addition, admission of these statements did not violate the Confrontation Clause because McDonald testified at trial. Petitioner has failed to show that admission of these statements violated any right under the Constitution or denied him his right to a fair trial. This ground therefore also does not establish a basis for granting Petitioner habeas relief.

### C. Scoring of Offense Variable 6

Finally, Petitioner argues that the trial court erred by scoring 50 points for offense variable 6 because the evidence did not show that he had a premeditated intent to kill.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing

guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same).  Therefore, habeas corpus relief is not available based on this ground, either.

### IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted.  The Court finds sufficient evidence to support Petitioner's assault with

intent to commit murder conviction. The admission of McDonald's statements did not violate federal law. Finally, Petitioner's final claim concerning the trial court's application of state sentencing guidelines is not cognizable on federal habeas review. Therefore, the Court declines to grant Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

s/ Linda V. parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 9, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 9, 2014, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager